UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON BENTLEY,

        Petitioner,

                               CASE NO. 08-cv-13102
v.                              HONORABLE STEPHEN J. MURPHY, III

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTIONS TO AMEND RECORD, TO DENY RESPONDENT'S MOTION, AND TO STAY PROCEEDINGS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF <u>APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I. Introduction**

      Damon Bentley ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder, felon in possession of a firearm, and possession of firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced as a third habitual offender to 46 years 10 months to 80 years imprisonment on the murder conviction, a concurrent term of three years four months to 10 years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2002. In his pleadings, he raises claims concerning the sufficiency of the evidence, prosecutorial misconduct, his right of confrontation, the jury

1

instructions, the admission of hearsay evidence, the effectiveness of counsel, the denial of his motion for relief from judgment, and actual innocence.

This matter is before the Court's on Respondent's motion for summary judgment seeking dismissal of the petition as untimely, as well as Petitioner's motions to amend the record, to deny the motion to dismiss, and to stay the proceedings. For the reasons set forth, the Court grants Respondent's motion, denies Petitioner's motions, and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from the shooting death of Jermaine Burley on August 14, 2000 in Detroit, Michigan. Following his convictions, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Bentley*, No. 250788 (Mich. Ct. App. Feb. 11, 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Bentley*, 471 Mich. 868, 683 N.W.2d 671 (July 29, 2004).

On November 10, 2005, Petitioner filed a motion for relief from judgment with the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. which was denied. *People v. Bentley*, No. 02-002282 (Wayne Co. Cir. Ct. June 19, 2006) (unpublished). Petitioner filed an application for leave to appeal this decision with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Bentley*, No. 278296 (Mich. Ct. App. Dec. 14, 2007)

(unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Bentley*, 481 Mich. 914, 750 N.W.2d 227 (June 23, 2008).

Petitioner filed his present federal petition for writ of habeas corpus on July 18, 2008. Respondent thereafter moved for summary judgment contending that the petition was not filed within the one-year statute of limitations applicable to federal habeas actions and should be dismissed. Petitioner has filed a reply to that motion asserting that his petition is timely because his state court motion for relief from judgment, which would toll the one-year period, was filed in August, 2005 rather than November, 2005 and that he should be allowed to proceed on his habeas claims because he is actually innocent. Petitioner has also moved to amend the record, to deny the motion to dismiss, and to stay the proceedings. Respondent has since filed a responsive pleading, asserting that the state court record confirms that Petitioner's motion for relief from judgment was not filed with the state trial court until November, 2005, thereby rendering his habeas petition untimely.

### III.  SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "To defeat a motion for summary judgment, the non-moving party must set forth

specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor." *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *See, e.g., Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by state prisoners. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied Petitioner leave to appeal on July 29, 2004. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. Rule 13(1). He did not do so. Accordingly, his convictions became final on October 27, 2004. Petitioner was therefore required to file his federal habeas petition on or before October 27, 2005, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment with the state trial court until November 10, 2005. Thus, the one-year limitations period expired before he sought state post-conviction or collateral review. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner does not allege that the State created an impediment to the filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts.

In reply to Respondent's summary judgment motion, Petitioner asserts that his state court motion for relief from judgment was filed on August 26, 2005, not November 10, 2005. In support of this assertion, he submits a Praecipe for Motion indicating that his motion for relief from judgment and praecipe were served upon the Wayne County Prosecutor on August 26, 2005. The Wayne County Circuit Court's docket sheet and the trial court's order denying Petitioner's motion for relief from judgment, however, both clearly indicate

5

that the motion was filed with the trial court on November 10, 2005. The Praecipe for Motion does not indicate that Petitioner's counsel filed the motion for relief from judgment with the trial court on August 26, 2005 – and Petitioner has presented no other evidence to contradict the trial court's docket sheet or order. Petitioner has failed to demonstrate that he filed his motion for relief from judgment before the expiration of the one-year period. His petition is therefore untimely.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth sufficient circumstances which caused him to file his federal habeas petition after the expiration of the one-year period. To the extent that he

asserts that post-conviction counsel was negligent or ineffective in representing him, he is not entitled to equitable tolling. It is well-settled that there is no constitutional right to counsel in state post-conviction proceedings such that a habeas petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Lawrence*, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005) (alleged ineffective assistance of counsel could not establish cause to excuse procedural default in post-conviction proceedings because there is no right to counsel in such proceedings); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing cases). Consequently, defense counsel's alleged deficiency does not warrant equitable tolling of the limitations period.

Furthermore, the fact that Petitioner is untrained in the law, was proceeding without a lawyer for some proceedings, or may have been unaware of the statute of limitations for a certain period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap, supra*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v.*

*Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538. Moreover, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The Sixth Circuit has recognized that the actual innocence exception should "remain rare" and only be applied in the "extraordinary case." *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Although Petitioner asserts that he is entitled to equitable tolling based upon actual innocence, he has made no such showing. Petitioner presents a sworn statement by Krystal Hall, made in 2001, which he claims provides him with an alibi that was not presented at trial. Hall's testimony, however, is not particularly reliable given that she is the mother of Petitioner's son and was his live-in girlfriend at the time of the crime. Moreover, the prosecution presented other evidence at trial which supported the jury's verdict, including testimony indicating that Petitioner and the victim had a drug dispute, that

8

Petitioner believed the victim was a snitch, that Stephen Williams had left his relative Craig Green's car with Petitioner (outside Hall's home) for an insurance scam, that the victim's body with three gunshot wounds was found at the scene of a nearby accident involving that car, that Petitioner subsequently told Williams that he had messed up and instructed Williams to report that he had been carjacked, and that Petitioner's fingerprints were found inside and outside of Green's car.  Additionally, Petitioner's own self-serving assertions of innocence are insufficient to support an actual innocence claim.  "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."  *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases).  Petitioner has not shown that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.  His petition is untimely and must be dismissed.

## V. CONCLUSION

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he is not entitled to statutory or equitable tolling of the one-year period, and that the statute of limitations precludes review of the petition.  Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the petition for writ of habeas corpus.  Given this determination, the Court **DENIES** Petitioner's motions to amend, to deny Respondent's motion, and to stay the proceedings.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability

may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

    **IT IS SO ORDERED**.


                                         s/Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: April 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2009, by electronic and/or ordinary mail.

                                    s/Alissa Greer
                                    Case Manager