UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON BENTLEY,

    Plaintiff,                                Case No. 2:08-cv-13102

v.                                         HONORABLE STEPHEN J. MURPHY, III

LLOYD RAPELJE,

    Defendant.

_____/

**ORDER REOPENING THE HABEAS CASE,
DENYING THE MOTION FOR RELIEF FROM JUDGMENT AND
INDEPENDENT ACTION, AND DENYING A CERTIFICATE OF APPEALABILITY**

On November 19, 2018, Michigan prisoner Damon Bentley ("Petitioner") filed a motion for relief from judgment and independent action pursuant to Civil Rule 60(b), (d). ECF 32. The motion concerns the Court's April 20, 2009 opinion and order dismissing his federal habeas petition as untimely under the applicable one-year statute of limitations, ECF 18. The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability on November 24, 2009. ECF 29. Petitioner asserts that the Court was misled by the State's attorney and erred in dismissing his petition. *See* ECF 32, PgID 1068. Petitioner challenges the Court's finding that he filed his state court motion for relief from judgment on November 10, 2005 and insists that he filed it on August 26, 2005. *Id.* at 1069. The Court will now reopen the case for the limited purpose of resolving Bentley's motion. *See, e.g., Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at *1 (E.D. Mich. Jan. 15, 2016) (reopening case for consideration of Rule 60(b) motion).

A federal district court will grant relief from a final judgment or order under Civil Rule 60(b) only upon a showing that certain grounds exist, including "fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). If based on fraud, misrepresentation, or misconduct by an opposing party, a party must move for relief under Civil Rule 60(b) within "a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1); *Conner v. Attorney Gen.*, 96 F. App'x 990, 992–93 (6th Cir. 2004). Petitioner did not file his motion for relief from judgment within one year. The Court dismissed his habeas petition in 2009 and he filed his Civil Rule 60(b) motion in 2018. *See* ECF 19, 32. Petitioner fails to provide an explanation for the nine-year delay in filing his motion. He knew or could have known of his arguments when he originally pursued federal habeas review. In fact, he previously argued his theory about the filing date of his state court motion in his initial motion to alter or amend the Court's April 20, 2019 order and judgment. ECF 26. The motion is therefore untimely. The Court will therefore deny Petitioner's Rule 60(b) motion.

Petitioner also continues to contest the Court's decision and seeks relief under Civil Rule 60(d), which clarifies that Civil Rule 60 does not limit a court's power to entertain an independent action to relieve a party from judgment. Fed. R. Civ. P. 60(d). An independent action under Civil Rule 60(d) is an equitable action, which has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594–95 (6th Cir. 2011). Its elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* at 595 (citing *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An independent action under Rule 60(d) is "available only to prevent a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas case, he must make a strong showing of actual innocence to establish that relief is required. *Id.* at 595–96 (quoting *Gottlieb v. S.E.C.*, 310 F. App'x 424, 425 (2d Cir. 2009)).

Petitioner makes no such showing. Rather, he re-argues issues previously addressed by the Court and raises issues which could have been presented in his initial habeas proceeding. Moreover, the Court independently reviewed the state court record and the state court rulings. There was no fraud upon the Court. Petitioner's allegations do not warrant the extraordinary remedy he seeks. He fails to demonstrate that the Court erred in dismissing his habeas petition, that he is actually innocent, or that he is otherwise entitled to relief under Civil Rule 60(d). Accordingly, the Court will deny his motion.

A certificate of appealability is necessary to appeal the denial of a Rule 60 motion. *See, e.g., Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists could debate the court's assessment of the claim. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable

whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges in the District have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08-cv-11660, 2012 WL 882727, at *2 (E.D. Mich. Mar. 15, 2012) (quoting *Carr v. Warren*, 05-cv-73763, 2010 WL 2868421, at *2 (E.D. Mich. July 21, 2010)). Petitioner is not entitled to a certificate of appealability because he fails to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion. Accordingly, the Court will deny a certificate of appealability.

**WHEREFORE**, it is hereby **ORDERED** that the **CLERK** of the Court shall **REOPEN** the case for the limited purpose of resolving Petitioner's motion for relief from judgment.

**IT IS FURTHER ORDERED** that Petitioner's motion for relief from judgment and independent action [32] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

                                                    s/Stephen J. Murphy, III
                                                    STEPHEN J. MURPHY, III
                                                    United States District Judge

Dated: December 12, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 12, 2018, by electronic and/or ordinary mail.

                                                      s/David P. Parker
                                                    Case Manager